UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
    Andy King,

               *Plaintiff,*

      -*against*-
                                             20-CV-8283 (PAC)
    The City of New York, and
    the New York City Council,
                                           **OPINION & ORDER**
                *Defendants.*

------------------------------------------------------------X

Plaintiff Andy King moves to vacate this Court's prior default judgment which was entered in favor of Defendants, the City of New York and the New York City Council, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is **GRANTED.**

## BACKGROUND

King, an African American male, is a former New York City councilman who represented District 12 in the Bronx between 2012 and 2020. (Compl. ¶ 1, ECF 9.) On February 14, 2020, King was charged by the New York City Council's Committee on Standards and Ethics with a number of ethics violations. (*Id.* at ¶ 6.) Following a formal hearing in September 2020, those charges were sustained, and on October 5, 2020, the Council by a 48-2 vote formally removed King from elected office. (*Id.* at ¶ 7.)

Shortly thereafter, King brought this lawsuit against the City of New York and New York City Council (collectively, "Defendants") in federal court. King's lawsuit alleges that the Council's decision to remove him was motivated by racial animus, in violation of federal law

1

(Compl. ¶¶ 13–15), and that the Council's decision was arbitrary and capricious, in violation of New York state law.[1] (*Id.* at ¶¶ 16–28.) The Complaint, which was left unsigned by counsel, lists Joey Jackson and Pamela D. Hayes as counsel of record for King.

On November 12, 2020, the Defendants moved to dismiss the Complaint. (ECF 13.) King, however, did not respond to the motion. On December 7, the Court ordered King to show cause by December 17 why the Defendants' motion should not be granted as unopposed. (Order, ECF 16.) King did not respond to the Court's Order to show cause. As a result, on January 5, 2021, the Court granted the Defendants' motion to dismiss and the Clerk of Court entered a default judgment in favor of the Defendants. (Clerk's Judgment, ECF 19.)

On January 14, 2021, following dismissal of the present action, the Defendants moved for attorney's fees. (ECF 20.) After nearly three months of inactivity, this motion caught the attention of the Plaintiff and his counsel. Plaintiff's counsel, Mr. Jackson and Ms. Hayes, promptly filed letters with the Court explaining the reasons for their inactivity, and requested a status conference to further elaborate on their positions. (ECF 24, 25.) The Court granted that request and convened a status conference with the parties on February 17.

During that conference, the Court granted the Plaintiff leave to file a Rule 60(b) motion to reopen this case. (Min. Entry dated Feb. 17, 2021.) Because of that decision, the Court held the Defendants' motion for attorney's fees in abeyance until the Rule 60(b) motion was resolved. On March 5, King moved to set aside the default judgment and to reopen this case under Rule 60(b) of the Federal Rules of Civil Procedure. For the following reasons, the Rule 60(b) motion is granted and the Defendants' motion for attorney's fees is denied (without prejudice) as moot.

---

[1] The Complaint also pleads a third cause of action for a preliminary injunction reinstating King to his elected office. (Compl. ¶¶ 29–33.) To date, however, King has not separately moved the Court for a preliminary injunction.

2

## **LEGAL STANDARD**

"Although a motion to vacate a default judgment is addressed to the sound discretion of the district court, the Second Circuit has expressed a strong preference for resolving disputes on the merits." *Mayes v. 490 Habitat, Inc.*, No. 18-CV-1427 (SJF), 2020 WL 587112, at *3 (E.D.N.Y. Feb. 6, 2020) (cleaned up). Thus, in giving content to that formulation, Rule 60(b)(1) of the Federal Rules of Civil Procedure permits the Court to grant relief from a final default judgment on the grounds of "mistake, inadvertence, surprise, or excusable neglect." FED R. CIV. P. 60(b)(1).

To determine whether Rule 60(b)(1) relief is warranted, the Second Circuit has identified "four non-exclusive equitable factors that determine what sorts of neglect will be considered 'excusable.'" *William v. City of New York*, 727 F. App'x 30, 31 (2d Cir. 2018) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Those four factors are: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith."[2] *See William*, F. App'x at 31. Of these four considerations, the Second Circuit has stated that the preeminent factor under the Rule 60(b)(1) inquiry is "the reason for the delay." *Nastasi & Assocs., Inc. v. Bloomberg, L.P.*, No. 18-CV-12361 (JMF), 2020 WL 2555281, at *2 (S.D.N.Y. May 20, 2020) (citing *In re Enron Corp.*, 419 F.3d 115, 122–23 (2d Cir. 2005).

---

[2] The Second Circuit has said that district courts "must fully consider" these four factors in deciding whether to grant Rule 60(b)(1) relief. *See William*, 727 F. App'x at 31.

3

## ANALYSIS

Having carefully considered the Rule 60(b)(1) factors, the Court grants King's motion to reopen this case.[3] *First*, on the prejudice inquiry, the Court finds that the danger of prejudice to King would be high if no relief is afforded under Rule 60(b)(1). "The law is well established that a default judgment is deemed as conclusive an adjudication of the merits of an action as a contested judgment." *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 160 (2d Cir. 2005). Here, a default judgment has been entered against the Plaintiff, which means that he is effectively barred from suing on the same cause of action in federal court under principles of *res judicata*. *See id.*; *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*: Civil § 2684 (4th ed. 2020) ("When a judgment by default is entered, it generally is treated as a conclusive and final adjudication of the issues necessary to justify the relief awarded and is given the same effect as between the parties as a judgment rendered after a trial on the merits."). The Court finds this consequence to be unduly prejudicial, especially given the fact that it was King's attorneys who caused the delay in this case, not King. *See supra* 5. Accordingly, the prejudice factor weighs in favor of reopening the case. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

*Second*, the Court also finds the "length of the delay and its potential impact on judicial proceedings" factor to weigh in favor of granting Rule 60(b)(1) relief. Although King's delay has unnecessarily prolonged this litigation by several months, that delay is not significant, and the case is still less than a year old. Moreover, were the case to be reopened, King would have to answer the Defendants' outstanding motion to dismiss, which has already been fully briefed.

---

[3] King has met the timeliness requirement for a Rule 60(b) motion because his motion was filed within a reasonable time "no more than a year after the entry of the judgment." FED R. CIV. P. 60(c)(1).

4

Accordingly, because the delay is insignificant and because the potential disruption to the judicial proceedings is minimal, the Court is further persuaded to reopen the case under Rule 60(b)(1).

*Third*, the record does not reveal that the Plaintiff or his counsel acted in bad faith during the course of this litigation. Negligent, perhaps, but not bad faith. Therefore, the good faith factor also weighs in support of reinstating the case.

*Finally*, the Court arrives at the preeminent factor under the Rule 60(b)(1) analysis: the reason for the delay. *In re Enron Corp.*, 419 F.3d at 122–23. In support of her motion to reopen the case, Ms. Hayes presents three reasons for her failure to meet court deadlines in this matter: (1) her inability to access her law office due to the COVID-19 pandemic; (2) the fact that she had to move her law office to a new space in mid-December 2020; and (3) her work on parallel litigation involving the Plaintiff as well as purported miscommunication with Mr. Jackson about who would be principally responsible for the case before this Court.[4] (Hayes Br. at 1–3, ECF 29.) The Defendants contend that none of these reasons presents a justifiable reason for the delay in this case. The Court agrees with the Defendants.

As a general matter, the Court acknowledges the fact that the COVID-19 pandemic has disrupted nearly every facet of normal life and presented unique challenges to the practice of law. But still, neither Ms. Hayes nor Mr. Jackson can blame the pandemic for their repeated failures to discharge the most basic elements of lawyers' ethical duties—the duty to stay abreast of filing deadlines and to monitor substantive developments in their case. *See* N.Y. R. Prof.

---

[4] In her moving papers, Ms. Hayes also emphasizes the importance of the underlying legal issues in this case. (Hayes Br. at 4–6.) But these arguments do not lend themselves favorably to a Rule 60(b)(1) analysis, which asks the narrow question whether the movant has shown "excusable neglect" that justifies reopening a final judgment. *See Mayes*, 2020 WL 587112, at *3.

5

Conduct R. 1.1(a). Furthermore, the Court is not persuaded by Ms. Hayes' personal reasons for the delay: moving law offices and working on other matters. These are the struggles of everyday life, not compelling reasons under a Rule 60(b)(1) analysis. Therefore, the Court finds that the reason for delay factor counsels against granting Rule 60(b)(1) relief.

However, in considering the four factors *together*, the Court concludes it is appropriate to reopen this case under Rule 60(b)(1). As discussed before, three of the four factors under Rule 60(b)(1): the prejudice to the Plaintiff, the delay and potential impact on judicial proceedings, and the good faith considerations all weigh in favor of granting King relief from the default judgment. And while King does not provide a compelling reason for the delay, the countervailing considerations under Rule 60(b)(1) outweigh that lone factor. Accordingly, the motion for Rule 60(b)(1) relief is granted.

## CONCLUSION

The motion to set aside the default judgment is **GRANTED**. Because the Court grants the Plaintiff's motion to reopen the case, Defendants' motion for attorney's fees is **DENIED** without prejudice as moot. Defendants may refile their motion for attorney's fees upon the conclusion of this litigation. Plaintiff's counsel are admonished to stay abreast of this case and to diligently meet all Court mandated deadlines, rules, and directives from here on out. The Court will convene a telephonic conference on April 12, 2021 at 2:00 PM to discuss next steps. The dial-in number for the conference is 888-363-4749 and the access code is 8539662.

Dated: New York, New York  
April 6, 2021

SO ORDERED

PAUL A. CROTTY  
United States District Judge