20 Civ. 8283 (PAC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDY KING,

                                                                Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                                                                Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS**


**GEORGIA M. PESTANA**
*Acting Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street, Room 2-100
New York, New York 10007-2601


Of Counsel: Eric Eichenholtz
Tel: (212) 356-2430
eeichenh@law.nyc.gov
Matter No.: 2020-037345

**TABLE OF CONTENTS**

ARGUMENT ............................................................................................................... 1

    POINT I ................................................................................................................ 1

        PLAINTIFF'S MISAPPLICATION OF THE
        RULE 12 STANDARD ................................................................................ 1

    POINT II ............................................................................................................... 3

        PLAINTIFF'S FIRST AMENDMENT CLAIM IS
        WITHOUT MERIT ..................................................................................... 3

    POINT III .............................................................................................................. 5

        PLAINTIFF'S DUE PROCESS CLAIMS ARE
        WITHOUT MERIT ..................................................................................... 5

    POINT III .............................................................................................................. 7

        PLAINTIFF'S HAS NOT ESTABLISHED ANY
        EQUAL PROTECTION CLAIM ............................................................... 7

    POINT IV .............................................................................................................. 8

        PLAINTIFF'S OTHER FEDERAL CLIAIMS
        FAIL ............................................................................................................. 8

    POINT V ............................................................................................................... 8

        PLAINTIFF HAS FAILED TO DEMONSTRATE
        HIS STATE LAW CLAIMS ARE VAILD .............................................. 8

    POINT VI .............................................................................................................. 9

        LEAVE TO REPLEAD AND FILE A SECOND
        AMENDED COMPLAINT SHOULD BE DENIED ............................... 9

    CONCLUSION…………………………………………………………………..10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                           **Pages**

Ass'n of Home Appliance Mfrs. v. City of New York, 36 F. Supp. 3d 366 (S.D.N.Y. 2014)……2

Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)………………………….....2

Clark v. City of N.Y., 2018 U.S. Dist. LEXIS 156282 (S.D.N.Y. 2018)…………………….....8

Dechberry v. New York City Fire Dep't, 124 F. Supp. 3d 131 (E.D.N.Y. 2015)…………….…4

DeJesus v. HF Mgmt. Servs., LLC, 726 F.3d 85 (2d Cir. 2013)………………………………..1

Diarra v. City of N.Y, 2018 U.S. Dist. LEXIS 161895 (S.D.N.Y. 2018)………………………9

DiSorbo v. Hoy, 343 F.3d 172, (2d Cir. 2003)……………………………………………………5

Doe v. Abdulaziz Bin Fahd Alsaud, 12 F. Supp. 3d 674 (S.D.N.Y. 2014)………………….…3

Hand v. NYC Dept. of Corr., 2020 NY Slip Op 33822(U) (Sup. Ct. New York Co. 2020)……...9

Hopkins Hawley LLC v. Cuomo, 2021 U.S. Dist. LEXIS 89780 (S.D.N.Y. 2021)………….....2-3

King vs. City Council, 2019 N.Y. Misc. LEXIS 6481 (Sup. Ct. N.Y. Co. 2019)…………..….2

Lewis v. Cowen, 165 F.3d 154 (2d Cir. 1999)………………………………………….....…..4

Miller v. N.Y. City Dep't of Educ., 71 F. Supp. 3d 376 (S.D.N.Y. 2014)………………..…..6

Mirro v. City of N.Y., 159 A.D.3d 964 (2d Dept. 2018)………………………………………9

Nguedi v. FRB of N.Y., 2017 U.S. Dist. LEXIS 89848 (S.D.N.Y. 2017)………………..……1

Richards v. City of New York, 2007 U.S. Dist. LEXIS 23726 (E.D.N.Y. 2007)…………....…8

Rigaud v. City of New York, 2018 U.S. Dist. LEXIS 231292 (E.D.N.Y. 2018)…………....…5

Ruotolo v. City of New York, 514 F.3d 184 (2d Cir. 2008)…………………………………..9

Thompson v. City of N.Y., 2020 U.S. Dist. LEXIS 77663 (S.D.N.Y. 2020)……………………3

Velez v. Levy, 401 F.3d 75 (2d Cir. 2005)……………………………………………….…3, 6

**Statutes**

N.Y. CPLR Rule 5513………………………………………………………………………...5

N.Y. CPLR Rule 5515(1)……………………………………………………………………...5

NYC Charter § 45……………………………………………………………………….…2

# ARGUMENT

## POINT I

### PLAINTIFF'S MISAPPLICATION OF THE RULE 12 STANDARD

In his opposition to defendants' motion, plaintiff shirks his obligation to address defendants' legal arguments and fails to demonstrate the factual plausibility of his claims. Rather, he erroneously contends that sweeping conclusions and categorical legal assertions constitute "factual allegations" beyond question in a Rule 12 motion. For example, plaintiff argues this Court must accept that the Council's investigation into misconduct was nothing more than a "witch hunt" that violated his rights, that the Council was "expelling a duly elected minority member of the New York City Council because they did not like his religious beliefs" and that the "LBGT [sic] Caucus had *de facto* power and ability to cause plaintiff's suspension and expulsion" because, according to plaintiff, these improbable and utterly conjectural statements are "factual allegations." See e.g Pl. Memo in Opp at pp. 8, 11-12. Not so. What plaintiff calls "factual allegations" are, in reality, patently conclusory statements, hardly immune to scrutiny, but instead constituting the very subject of the Court's assessment, and whose sufficiency must be evaluated on a Rule 12 motion. The amended complaint is replete with such statements, which "are not entitled to the assumption of truth otherwise applicable to complaints in the context of motions to dismiss." Nguedi v. FRB of N.Y., 2017 U.S. Dist. LEXIS 89848, at *10 (S.D.N.Y. 2017), quoting DeJesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 87-88 (2d Cir. 2013).

Plaintiff also takes issue with defendants' citation to the Council's legislative record underlying his disciplinary and expulsion resolutions. However, it is clear that such material can, and indeed must, be considered in connection with this motion. First, the documents are integral to the complaint. Plaintiff himself discusses these documents liberally in his pleading and, indeed,

large swaths of the complaint are essentially plaintiff's commentary on their contents. See e.g. Declaration of Eric Eichenholtz ("Eichenholtz Decl."), Exhibit A ¶¶ 80-91, 98-105, 130-145. Second, the documents are part of the legislative record underlying the legislative action challenged in this case. While plaintiff argues that the Council proceedings concerning his expulsion were not "legislative activity," he provides no legal or factual support for such a nonsensical claim. The City Council had a duly authorized Committee take evidence, find facts[1] and issue a report and proposed resolution pursuant to its rules, which were adopted at a stated meeting in a vote by all of its members pursuant to the Council's rules. This was all plainly within the Council's legislative authority as confirmed in plaintiff's earlier Article 78 proceeding. See NYC Charter § 45; King vs. City Council, 2019 N.Y. Misc. LEXIS 6481 (Sup. Ct. N.Y. Co. 2019). The Committee report and the meeting minutes, as well as the "legislative facts" derived therefrom, are all matters of which judicial notice may be taken and which are clearly permissible for consideration on this motion. See Ass'n of Home Appliance Mfrs. v. City of New York, 36 F. Supp. 3d 366, 371 (S.D.N.Y. 2014) (collecting cases).

Under these circumstances, consideration of the underlying documents are appropriate and permissible. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Hopkins Hawley LLC v. Cuomo, 2021 U.S. Dist. LEXIS 89780, at *7-8 (S.D.N.Y. May 11, 2021) (Crotty, J.) ("in deciding a Rule 12(b)(6) motion, a court may consider documents that

---

[1] While plaintiff certainly takes issue with the findings that he committed egregious misconduct, he does not dispute (and readily concedes in the amended complaint) that the Committee on Standards and Ethics, in fact, made those findings after a hearing and reported such to the Council which, in turn, adopted a resolution based on them. As mentioned in defendant's moving papers, far from being an improper cite, plaintiff is likely now barred from disputing these findings in connection with this case. Nonetheless, for the purposes of the analysis below, defendants assume plaintiff could challenge these findings in a properly plead action.

are attached as exhibits, incorporated by reference, or integral to the complaint."); Thompson v. City of N.Y., 2020 U.S. Dist. LEXIS 77663, at *6 (S.D.N.Y. 2020) (Crotty, J.) (A court may also consider "matters of which judicial notice may be taken" on a Rule 12(b)(6) motion).

Plaintiff cannot evade the procedural history underlying this case, nor otherwise hide portions of the Council's findings from this Court's view through selective omission and mischaracterization. The consideration of those facts on this motion is entirely proper, even when plaintiff implies otherwise in his complaint. See Doe v. Abdulaziz Bin Fahd Alsaud, 12 F. Supp. 3d 674, 683 (S.D.N.Y. 2014).

## POINT II

### PLAINTIFF'S FIRST AMENDMENT CLAIM IS WITHOUT MERIT

As noted in defendants' moving papers, the Second Circuit requires plaintiff to plead specific facts that, if true, would establish that animus against him, not the evidence of misconduct, caused his expulsion. See Velez v. Levy, 401 F.3d 75, 97 (2d Cir. 2005). Plaintiff points to purported disagreements with members of the LGBTQ caucus but the existence of such disagreements alone is insufficient to establish a causal connection with his expulsion. As discussed in Point I above, plaintiff's sweeping and hollow conclusions that the evidence of his misconduct was fabricated, or that the LGBTQ caucus somehow turned independently elected officials into mindless instrumentalities of their will, cannot establish plaintiff's claim either. Indeed, in contrast to Velez, 401 F.3d at 83, in which the plaintiff pled specific facts arising from an independent investigation that concluded the reasons for his removal were false, the amended complaint here is devoid of any facts that suggest falsity.

Simply put, the amended complaint fails to plausibly allege that 48 individual Council Members were motivated by retaliatory animus against some unspecified protected speech

and/or religious beliefs[2] to expel plaintiff. Likewise, it is impossible, from the facts in the complaint, to deem it at all plausible that any evidence of misconduct against plaintiff was fabricated.[3] Because plaintiff has not, and cannot, plead such facts, the amended complaint must be dismissed. See Dechberry v. New York City Fire Dep't, 124 F. Supp. 3d 131, 154 (E.D.N.Y. 2015).

Next, plaintiff disputes defendants' legal arguments regarding the protection of his speech and Pickering balancing, an issue of law to be evaluated by the Court. See Lewis v. Cowen, 165 F.3d 154 (2d Cir. 1999). Contrary to what plaintiff has stated in his opposition, he has provided no basis whatsoever for a claim he was expelled simply because of his religion. To the extent he is using the First Amendment to justify conduct that would violate the Council's Equal Employment Opportunity policy and/or anti-discrimination laws, defendants cited numerous cases

---

[2] As discussed in defendants' moving papers, the amended complaint is decidedly unclear as to precisely what actions motivated this supposed animus. Moreover, plaintiff's general statements that he opposed pro-LGBTQ+ legislation (and the defendants uniformly support it) falls apart with even the slightest scrutiny. On at least one occasion, plaintiff voted in support of same-gender bathroom-related legislation while one of the defendants voted against it. See City Council History for Intro 0465-2018. On at least one other occasion, plaintiff was absent for a vote on gender designations on birth certificates when, again, one of the defendants plaintiff baselessly claims is beholden to the LGBTQ+ caucus voted against the legislation. See City Council History for Intro 0954-2018. History for these bills is available through the Council's web portal at https://legistar.council.nyc.gov/Legislation.aspx (last visited June 7, 2021).

[3] For example, in paragraph 58 of his complaint, plaintiff admits that an independent state agency, the Department of Labor, determined that plaintiff's staffer was essentially forced out of her job by harassment on the part of plaintiff's wife. Inexplicably, and without any support, one paragraph later plaintiff baselessly turns this finding by an independent state agency into part of the Council's vast LGBTQ+ conspiracy against him, stating that this determination provided the "pretext to conduct another bogus investigation into King." Far from showing pretext, this constitutes an admission by plaintiff that an independent agency has also found misconduct on the part of plaintiff toward staff. Similarly, in paragraph 65 of the amended complaint, plaintiff alleges "one of [his staffers] was threatened with termination if he did not cooperate with the attempts by the Office of the General Counsel" to investigate but does not name this mysterious staffer or who threatened them, facts that would be critical for demonstrating plausibility.

from this Court and the Second Circuit to support their legal analysis. In contrast, plaintiff eschews reasoned argument, or reliance on case law, merely proffering an empty claim of counsel that the law ought to be different. Plaintiff cites no case – not a single one – to counter the legion of holdings discussed in defendants' moving papers. Because established precedent supports the conclusion that plaintiff has failed to identify any speech or conduct that is legally protected, his First Amendment claims must be dismissed.

## POINT III

### PLAINTIFF'S DUE PROCESS CLAIMS ARE WITHOUT MERIT

First, contrary to plaintiff's argument, the identical legal issue, whether the process utilized by the Council to investigate and discipline him accorded with due process, was argued and decided against plaintiff in his prior Article 78 proceedings. Moreover, those proceedings provided a full and fair opportunity to litigate and thus has collateral estoppel effect herein. See Rigaud v. City of New York, 2018 U.S. Dist. LEXIS 231292 (E.D.N.Y. 2018).

Moreover, plaintiff's claim of a pending "appeal" in his 2020 Article 78 proceeding is false: plaintiff withdrew that proceeding, with prejudice. If, instead, plaintiff is referring to his prior, 2019 Article 78 proceeding, plaintiff filed a sham notice of appeal in that case in March 2021, but that was over 14 months after his deadline to appeal had expired. See N.Y. CPLR Rule 5513, 5515(1).[4] Regardless, "[u]nder New York law, the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding." DiSorbo v. Hoy, 343 F.3d 172, 183 (2d Cir. 2003).

---

[4] This is yet another example of plaintiff's ongoing inability to respect and adhere to rules and deadlines.

Turning to the merits of his due process claim, plaintiff wastes much time explaining that he had a liberty and property interest at issue in his expulsion proceeding, which the defendants do not dispute. Plaintiff also claims due process required a "trial" before the entire City Council and that different evidentiary standards should have been used, but plaintiff cites no relevant law to support these assertions. By contrast, defendants provide ample precedent in their moving papers to establish, as a matter of law, that due process did not require more than what plaintiff has conceded, in the amended complaint, he was provided.

With respect to the substantive due process claims, plaintiff argues, incorrectly, that dismissal of his claim is "premature" and can only be accomplished at a "later" stage of the case. See Pl. Mem. at p. 17. Where, as here, plaintiff articulates more "particularized" constitutional claims, his substantive due process claim is subsumed in those other claims and are ripe for dismissal. See e.g., Velez, 401 F.3d at 94 ("no such cause of action can survive defendant's motion to dismiss"); Miller v. N.Y. City Dep't of Educ., 71 F. Supp. 3d 376, 385 (S.D.N.Y. 2014). Moreover, as discussed above, plaintiff's reliance on Velez to establish a substantive due process claim is misplaced because plaintiff pleads no plausible facts to demonstrate that the evidence of his misconduct adduced by the Council was fabricated.

Finally, as plaintiff acknowledges in his opposition, his "malicious abuse of process" claim is merely a restatement of his due process claim and was treated as such in defendants' moving papers. See Pl. Mem. at p. 16 ("Malicious abuse of power . . . states a valid claim under the due process clause."). Plaintiff's claim that whether the Council's rules were properly followed is a "disputed factual matter" falls flat because he cites no alleged violation of any provision of Council rules. Moreover, plaintiff's attempt to distinguish the cases relied on by defendants is unavailing. Whether framed as judicial or quasi-judicial, since defendants followed

the prescribed process set forth in the Council's rules for investigating and adjudicating misconduct, there is no abuse of process claim as a matter of law.

## POINT III

### PLAINTIFF'S HAS NOT ESTABLISHED ANY EQUAL PROTECTION CLAIM

As stated in defendants' moving papers, plaintiff was required to plead the circumstances of other Council Members' discipline were sufficiently similar to plaintiff to make those Council Members valid comparators as a matter of law. Plaintiff could not do so, because neither of the comparators he cited to (Council Members Grodenchik and Gibson) were recidivists like he was. Far from being "hotly contested" factual disputes, plaintiff's own pleading contains facts that establish his alleged comparators were not similarly situated as a matter of law. For example, in paragraph 121 of the amended complaint plaintiff concedes that Council Member Gibson, unlike plaintiff, paid her fine. Defendants' factual recitation is therefore entirely consistent with, and supported by, the facts plead in the amended complaint.

In sum, the amended complaint demonstrates plaintiff only received a more severe sanction than these two Council Members after he flouted the penalties and remedial measures imposed for prior misconduct. Because plaintiff points to no similarly-situated[5] person outside his protected class[6] (here, he alleges that his status as a "Christian and heterosexual man" constitutes his class) being treated differently, his equal protection claims must be dismissed.

---

[5] Similarly, on their face, the actions described by plaintiff against Council Member Diaz, which did not result in discipline recommended by the Standards and Ethics Committee, are inapposite.

[6] Contrary to plaintiff's bizarre contention, Pl. Mem. at pp. 18-19, defendants did not "ignore entirely" his assertion he was a member of a protected class but rather assumed it for the purposes of this motion. Defendants focused on the more salient issue – plaintiff cannot show he was treated differently than those he described as outside his protected class.

## POINT IV

### PLAINTIFF'S OTHER FEDERAL CLIAIMS FAIL

Plaintiff's remaining arguments regarding his federal claims fare no better. Plaintiff responds to defendants' invocation of the intra-corporate conspiracy doctrine by arguing that, while the amended complaint details an alleged conspiracy amongst City officials, it also implies the conspiracy extended in unspecified ways, with shadowy, unidentified "John and Jane Does" who may, or may not, be City employees. This falls woefully short of what is needed to plead a conspiracy claim. See Richards v. City of New York, 2007 U.S. Dist. LEXIS 23726 (E.D.N.Y. 2007) (plaintiff must plead "some factual basis . . . that defendants entered into an agreement, express or tacit, [with specific individuals] to achieve the unlawful end.") Plaintiff's speculation that one or more defendants may have leaked news of the investigation to the Daily News, also falls woefully short of a conspiracy claim for the same reason.

Finally, with respect to qualified immunity, it must be noted that the fact that plaintiff fails, throughout his opposition, to ground many conclusions of law in so much as a case citation, underscores how the legal and factual theories underlying claims herein would be of such a unique nature that qualified immunity would be appropriate. For this reason, as well as those in defendants' moving papers, qualified immunity must adhere to the extent the defendants are sued in their individual capacities.

## POINT V

### PLAINTIFF HAS FAILED TO DEMONSTRATE HIS STATE LAW CLAIMS ARE VAILD

To avoid conceding that plaintiff's state constitutional claims are barred, he argues that a notice of claim is not required for *federal* constitutional claims. That may be, but it remains

well-settled law that plaintiff was required to plead he properly filed a notice of claim for claims under the *state* constitution, and plaintiff's failure to fulfill this requirement bars him from asserting state constitutional claims. See Diarra v. City of N.Y, 2018 U.S. Dist. LEXIS 161895, at *15 (S.D.N.Y. 2018); Clark v. City of N.Y., 2018 U.S. Dist. LEXIS 156282, at *14 (S.D.N.Y. 2018); Mirro v. City of N.Y., 159 A.D.3d 964, 966 (2d Dept. 2018); Hand v New York City Dept. of Corr., 2020 NY Slip Op 33822(U) (Sup. Ct. New York Co. 2020). Moreover, despite plaintiff's attempt to speak of this action in grandiose terms, the personal nature of the relief he seeks (reinstatement and monetary damages) is the sort of relief for which the public interest exception does not apply. Mirro, 159 A.D.3d at 966; Hand, 2020 NY Slip Op 33822(U).

As to plaintiff's New York City Human Rights Law ("CHRL") claim, he wrongly labels defendants' grounds "conclusory." In reality, the defendants stated that dismissal of plaintiff's CHRL was properly premised on the same grounds earlier articulated in the brief. Reiteration was not required, particularly where plaintiff's CHRL claim utterly fails due to his inability to connect his expulsion with a protected characteristic.

Finally, with respect to Article 78, plaintiff ignores the jurisdictional issue unique to Article 78 discussed in the cases defendants cited -- that under Rule 7804(b) of the CPLR only one Court – New York State Supreme Court – holds jurisdiction to hear Article 78 claims.

## POINT VI

**LEAVE TO REPLEAD AND FILE A SECOND AMENDED COMPLAINT SHOULD BE DENIED**

Plaintiff's request to replead following a "repeated failure to cure deficiencies by amendments previously allowed" and "futility of amendment" should be denied. Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008). This Court gave plaintiff an opportunity to amend

and he added a confused mass of duplicative and meritless claims, failing to even address the glaring deficiencies illustrated in the detailed roadmap provided by defendants' original motion to dismiss. The flaws in plaintiff's case are substantive – plaintiff cannot plead a claim because there are no facts or law that could support a viable cause of action. Plaintiff has already wasted the resources of the City and the legal system enough, having brought numerous lawsuits for a fight he has repeatedly lost. His request to again replead must be denied.

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court grant their motion to dismiss the amended complaint, that the amended complaint be dismissed in its entirety and that defendants be granted costs, fees, and disbursements together with such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           June 7, 2021

**GEORGIA M. PESTANA**
Acting Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-100
New York, New York 10007-2601
(212) 356-2430
eeichenh@law.nyc.com


By:     /s/
        Eric Eichenholtz
        Assistant Corporation Counsel